OPINION
{¶ 1} Howard West, Jr. was found guilty of two counts of trafficking in cocaine, one of which included a specification that the trafficking occurred in the vicinity of a minor, by a jury in the Greene County Court of Common Pleas, and the trial court sentenced him accordingly. He appeals his conviction and sentence, raising three assignments of error.
 {¶ 2} West stipulated that he had sold crack cocaine in an amount greater than two grams to Larry Holly, a confidential informant working with the Greene County Drug Task Force, on August 9, 2000 and August 13, 2000. He further stipulated that minors had been present during the August 13, 2000 sale.
 {¶ 3} West presented the affirmative defense of entrapment. He testified that Holly, a friend from school, had called him seeking to purchase drugs. According to West, he resisted initially but agreed because Holly threatened to withhold money that he owed to West and West desperately needed the money to pay bills. On the second occasion, West sold cocaine to Holly as a favor. Holly, however, testified that West had not resisted selling him cocaine and that he had merely asked, "How much?," when Holly had stated that he wanted to buy cocaine. Holly further testified that West had sold him cocaine more than fifty times during an eight-year period prior to these incidents. He did confirm that he had owed West money, but he testified that he had owed him money from a prior cocaine transaction.
 {¶ 4} Following the trial, which took place on March 21 and 22, 2001, the jury found West guilty. On April 19, 2001, the trial court sentenced West to four years on the charge with the specification and to twelve months on the second charge and ordered the sentences to be served consecutively. He further ordered West to pay a fine of $5,000. West did not file a timely notice of appeal from the judgment of the trial court, but, on May 30, 2002, this court granted West's application to file a delayed appeal.
 {¶ 5} West appeals from his conviction and sentence, raising three assignments of error.
 {¶ 6} "I. Appellant's conviction for trafficking in cocaine (Count One) is against the manifest weight of the evidence.
 {¶ 7} "II. Appellant's conviction for trafficking in cocaine (Count Two) is against the manifest weight of the evidence."
 {¶ 8} We will address West's first two assignments of error together. Under these two assignments, West argues that his conviction was against the manifest weight of the evidence because the jury should have believed from his testimony that he was entrapped into committing the offenses.
 {¶ 9} When a conviction is challenged on appeal as being against the manifest weight of the evidence, we must review the entire record, weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997), 78 Ohio St.3d 380, 387,1997-Ohio-52, 678 N.E.2d 541, citing State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. A judgment should be reversed as being against the manifest weight of the evidence "only in the exceptional case in which the evidence weighs heavily against the conviction." Id. at 175.
 {¶ 10} "[W]here the criminal design originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense and induce its commission in order to prosecute, the defense of entrapment is established and the accused is entitled to acquittal. However, entrapment is not established when government officials `merely afford opportunities or facilities for the commission of the offense' and it is shown that the accused was predisposed to commit the offense." (Citations omitted.) State v. Doran
(1983), 5 Ohio St.3d 187, 192, 449 N.E.2d 1295. Several factors are relevant to whether the accused was predisposed to commit the offense: "(1) the accused's previous involvement in criminal activity of the nature charged, (2) the accused's ready acquiescence to the inducements offered by the police, (3) the accused's expert knowledge in the area of the criminal activity charged, (4) the accused's ready access to contraband, and (5) the accused's willingness to involve himself in criminal activity." Id.
 {¶ 11} We are unconvinced that West's testimony, if believed, would have necessitated a verdict of not guilty. He testified that he had decided to procure cocaine for Holly after one phone call, which did not support his contention that he resisted Holly's request that he sell him cocaine. Furthermore, he admitted to a history of cocaine trafficking, and he was able to procure the cocaine with apparent ease. Even if West's testimony were sufficient to establish the affirmative defense of entrapment, Holly's testimony contradicted West's. Holly testified that West had sold him cocaine more than fifty times over an eight-year period. He further testified that West had not resisted when he had been asked to sell cocaine and that West had merely asked, "How much?" Having heard the testimony of both West and Holly, the jury could reasonably have concluded that West had been predisposed to commit the offense of trafficking in cocaine. Accordingly, West's conviction was not against the manifest weight of the evidence.
 {¶ 12} The first and second assignments of error are overruled.
 {¶ 13} "III. The trial court erred in ordering consecutive sentences."
 {¶ 14} Under this assignment of error, West argues that the trial court failed to adequately articulate its reasoning in making the findings required to support the imposition of consecutive sentences.
 {¶ 15} R.C. 2929.14(E)(4) provides:
 {¶ 16} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 17} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense."
 {¶ 18} Pursuant to R.C. 2929.19(B)(2)(c), the trial court is required to articulate its reasoning when making the findings required for the imposition of consecutive sentences under R.C. 2929.14(E)(4).
 {¶ 19} In imposing consecutive sentences upon West, the trial court stated:
 {¶ 20} "The Court further finds that purusant [sic] to 2929.14
that consecutive sentences are necessary in this matter and are necessary to protect the public from future crime and is [sic] not the [sic] disproportionate to the Defendant's conduct.
 {¶ 21} "The Court finds that the Defendant has committed multiple offenses while the Defendant was on community control type of sanctions.
 {¶ 22} "The Defendant does have a history of criminal conduct which demonstrates that consecutive sentences are necessary to prevent the commission of future crime. And the shortest prison term would demean the serviousness [sic] of the conduct and the Defendant does pose a likelihood of recidivism."
 {¶ 23} The trial court made the required findings in imposing consecutive sentences. However, the trial court did not fully state the reasons for its findings. While the court noted that West's history of criminal conduct supported its finding that consecutive sentences were necessary to protect the public from future harm, the court failed to state its reasons for finding that consecutive sentences were not disproportionate to the seriousness of West's conduct and the danger he poses to the public. Therefore, the court did not comply with R.C.2929.19(B)(2)(c) in sentencing West to consecutive sentences. By reaching this conclusion, we do not find that consecutive sentences were inappropriate given the facts of this case. Rather, we remand this matter to the trial court for resentencing, at which time the court should clarify the reasoning supporting its findings in accordance with R.C.2929.19(B)(2)(c).
 {¶ 24} The third assignment of error is sustained.
 {¶ 25} The judgment of the trial court will be reversed, and this matter will be remanded for resentencing.
BROGAN, J. and GRADY, J., concur.